

The relief described hereinbelow is SO ORDERED.

Signed December 13, 2006.

_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | |
| LUCINDA A. RAMSEY, | Case No. 04-23220 |
| Debtor. | Chapter 13 |

| | |
|---|---|
| WILLIAM H. GRIFFIN, CHAPTER 13 TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. No. 05-6154 |
| NOVASTAR MORTGAGE, INC., and LUCINDA A. RAMSEY, | |
| Defendants. | |

**MEMORANDUM OPINION**

Pending before the Court is the Chapter 13 Trustee's and Defendant Novastar Home Mortgage, Inc.'s joint Motion to Approve Settlement and Compromise (Doc. No. 5); Defendant Debtor's Objection to Proposed Settlement (Doc. No. 8); Debtor's Motion to Grant Modified

Equitable Mortgage (Doc. No. 12); and Novastar Home Mortgage, Inc.'s Response to Motion to Grant Modified Equitable Mortgage (Doc. No. 13). Chapter 13 Trustee William H. Griffin appears. Novastar Home Mortgage, Inc. ("Novastar"), appears by counsel Thomas J. Lasater. Debtor Lucinda A. Ramsey appears by counsel George J. Thomas. Based upon the pleadings, undisputed facts as represented by counsel, and arguments of counsel, the Court DENIES both motions.

**Background**

On September 18, 2002, Debtor's former spouse executed a note in favor of Novastar in the principal sum of $133,650.00 ("Note"). The Debtor did not execute the Note and has never been personally obligated to pay the debt. To secure the Note, Debtor and her former spouse both executed and delivered a mortgage to Novastar granting a lien on their home in Mission, Kansas. Novastar failed to perfect its lien by recording the mortgage. Novastar admits it cannot find the mortgage document.[1] Debtor's former spouse conveyed his ownership interest in the home to Debtor by quitclaim deed recorded on May 14, 2003. The Debtor filed for voluntary relief under Chapter 13 on August 2, 2004.

Debtor filed a Chapter 13 plan identifying the Novastar mortgage as her home mortgage. Debtor proposed to pay post-petition monthly mortgage payments in the amount of $1,300.00 directly to Novastar outside the plan. Pre-petition arrearage estimated to be $3,394.00 would be paid from plan payments. The plan included the following note concerning Novastar's mortgage:

---

[1] Novastar filed an "Affidavit of Lost Document" regarding the mortgage in Johnson County, Kansas, post-petition on December 30, 2004.

06.12.12a Ramsey Settle Order.wpd

Case 05-06154   Doc# 17   Filed 12/13/06   Page 2 of 15

> Debtor has reason to believe that creditor Novastar Mortgage Company does not have a properly perfected security interest on debtor's homestead. Apparently, there is no lien filed with the Johnson County Recorder of Deeds as of the date of this bankruptcy filing. Creditor should be required to provide proof of lien perfection along with its proof of claim. If this creditor cannot provide proof of lien perfection, this debt should be treated as an unsecured debt and paid according to the terms of this plan.

Novastar does not contend that it did not receive notice of the bankruptcy filing and the plan. Novastar did not object to the plan, and the Court confirmed the plan on October 1, 2004. Novastar never sought relief from the confirmation order.

Novastar filed a proof of claim for a secured claim in the amount of $139,220.86 on January 3, 2005 (Claim No. 10). Novastar did not provide proof of lien perfection. Further, Novastar filed Claim No. 10 more than a month after the claims bar date of November 30, 2004. On January 20, 2005, Debtor filed an objection to Novastar's claim, alleging Claim No. 10 was untimely; the lien was unperfected; and the plan provided Claim No. 10 was to be treated as unsecured. The Debtor requested Claim No. 10 be either disallowed or classified as unsecured. Debtor mailed a copy of the objection and notice of hearing to Novastar at the address Novastar provided in its proof of claim. Novastar failed to appear at the objection hearing held February 8, 2005. The Court entered an Order disallowing Claim No. 10 on February 16, 2005. The Order disallowing Claim No. 10 was served on Novastar; however, Novastar never appealed or otherwise sought relief from the Order denying its claim.

Eventually, on May 24, 2005, Novastar filed a Motion for Relief from Stay admitting its mortgage was unperfected as of the petition date, but requesting the Court acknowledge a lien

pursuant to K.S.A. §58-2223[2] and grant Novastar stay relief to enforce the mortgage in state court. As the basis of the motion, Novastar alleged the Debtor made only one post-petition mortgage payment of $1,016.00. Novastar further alleged the Debtor did not make any mortgage payments after August 2004. Lastly, Novastar alleged it paid taxes and insurance costs for the property. The Debtor did not deny that she failed to make the foregoing payments, but she challenged the amounts allegedly due. As of May 23, 2005, Novastar alleged the payoff amount due on the mortgage was $147,005.93,[3] the arrearage being $15,357.57. The parties place the value of the home between $100,000.00 and $130,000.00.

**Procedural Posture**

The Debtor objected to stay relief, arguing, in part, that Novastar's lien was avoided by operation of law under 11 U.S.C. §544.[4] The Debtor also argued that treatment of Novastar's claim in the confirmed plan constituted *res judicata* under 11 U.S.C. §1327.[5] The Court denied the stay relief motion on June 21, 2005, not because §544 automatically avoids a lien, but to allow the Trustee time to decide whether he would seek to avoid the mortgage under §544 through an appropriate adversary proceeding. The Court did not reach the issue of the *res judicata* effect of the Debtor's confirmed plan.

On September 27, 2005, the Trustee, with the cooperation of Novastar, filed the instant

---

[2] K.S.A. §58-2223 provides an unrecorded mortgage is valid only between the parties thereto and parties having actual notice of the encumbrance. As to all others, mortgages are not valid encumbrances unless they are filed with the register of deeds.
[3] The amount continues to increase. As of September 15, 2005, Novastar alleges the amount due is $150,869.93.
[4] U.S.C. §544 allows the trustee to avoid an unperfected mortgage.
[5] "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. §1327.

- 4 -

Complaint to Avoid and Recover Avoidable Transfer and to Determine Rights pursuant to 11 U.S.C. §544. The next day, on September 28, the Trustee and Novastar filed a joint Motion to Approve Settlement and Compromise in which Novastar would 1) consent to the avoidance of its unperfected lien for the benefit of the estate; 2) pay $4,000 to the Trustee for his rights in and to the avoided and preserved mortgage lien; and 3) waive its unsecured claim against the estate in the amount of $150,869.93. For the Debtor, the settlement provides that the Trustee agrees to waive his claim against the Debtor for the post-petition mortgage payments, which have not been paid to Novastar under the plan. Lastly, Novastar would be granted stay relief to foreclose the lien in state court.

The Debtor objects to the proposed settlement and counters with a Motion to Grant [Novastar] a Modified Equitable Mortgage in the amount of $100,000 or "any reasonable suggestion" as to the amount. Novastar objects to Debtor's proposal, countering that its unrecorded mortgage defines the parties' obligations.

**Discussion**

**The Existence of Novastar's Lien**

Debtor's objection to the proposed settlement first challenges whether Novastar even has a lien to avoid. Debtor bases her objection on the Order Confirming Chapter 13 Plan (Doc. No. 19) and the Order denying Novastar's Claim No. 10 (Doc. No. 25). The Debtor argues the Orders constitute *res judicata* as to whether Novastar has a lien to avoid.

In order for a judgment or order to have preclusive effect in a later action there must be (1) a final judgment on the merits; (2) identity of the parties; and (3) identity of the cause of

06.12.12a Ramsey Settle Order.wpd

action in both suits.[6] Identity of cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.[7] If the foregoing elements are met, *res judicata* is appropriate unless the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit.[8]

**Debtor's Chapter 13 Plan Did Not Extinguish the Lien**

An order confirming a Chapter 13 plan may be a final judgment on the merits even though the plan attempts to accomplish relief normally requiring an adversary proceeding.[9] For example, several courts, including some in the Tenth Circuit, have found that liens may be modified or extinguished in the debtor's Chapter 13 plan.[10] As a general rule, albeit with many exceptions, perfected liens may pass through bankruptcy undisturbed.[11] In order to void a lien, the debtor must take some affirmative step.[12] Accordingly, the determination of the validity, priority, or extent of a lien usually requires an adversary proceeding.[13] However, a Chapter 13 plan may accomplish the same relief, provided the debtor includes clear and unambiguous language which unequivocally puts the creditor on notice that its lien rights will be finally determined upon confirmation of the plan.[14] *Andersen* is the seminal case and, although it deals

---

[6] *In re Davis*, 188 Fed. Appx. 671, 675, 2006 WL 1734250, at *4 (10th Cir. June 21, 2006) (citing *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). *Davis* is an Order and Judgment and is not binding precedent; however, the facts of *Davis* are similar to this case).

[7] *Id.* (quoting *Plotner v. AT&T Corp.,* 224 F.3d 1161, 1169 (10th Cir. 2000)).

[8] *Id.*

[9] 11 U.S.C. §1327; *In re Layo*, 460 F.3d 289, 293 (2nd Cir. 2006); *In re Bilal*, 296 B.R. 828, 836 (Bankr. D. Kan. 2003).

[10] *In re Davis*, 188 Fed. Appx. 671, 2006 WL 1734250 (10th Cir. June 21, 2006); *see also In re Bilal*, 296 B.R. 828; *In re Sosnowski*, 314 B.R. 23, 27 (Bankr. D. Del. 2004).

[11] *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992); *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92 (4th Cir. 1995).

[12] *Id.* at 92-93; *Matter of Penrod*, 50 F.3d 459, 462 (7th Cir. 1995).

[13] Bankruptcy Rule 7001(2); *In re Banks,* 299 F.3d 296, 301 (4th Cir. 2002); *see also In re Woodling*, 2004 Bankr. LEXIS 1751 (Bankr. D. Kan. Oct. 14, 2004); *In re Fowle*, 2006 Bankr. LEXIS 771 (Bankr. D. Kan. Apr. 20, 2006).

[14] *In re Andersen*, 179 F.3d 1253, 1256-57 (10th Cir. 1999); *In re Fowle*, 2006 Bankr. LEXIS 771, at *9.

- 6 -

06.12.12a Ramsey Settle Order.wpd

Case 05-06154   Doc# 17   Filed 12/13/06   Page 6 of 15

with the dischargeability of a student loan, it stands for the *res judicata* effect of confirmed Chapter 13 plans in the Tenth Circuit.[15] Even so, *Andersen* has been criticized because attorneys have since inserted provisions into Chapter 13 plans hoping to achieve preclusive effect, notwithstanding heightened notice requirements for some actions such as discharging a student loan or extinguishing a lien.[16] *Poland* requires Chapter 13 plan language to specifically establish the elements of the proposed course of action (for example, including the factual finding that the student loan creates an undue hardship or that confirmation will void the lien) in order to later invoke *res judicata*.[17] Thus, under *Andersen* and *Poland*, before a Chapter 13 plan may be *res judicata* for unlitigated provisions in the Tenth Circuit, the plan must (1) specifically and unambiguously advise the creditor that its rights will be altered by confirmation of the plan; (2) decisively advise the creditor how its claim shall be treated upon confirmation; and (3) provide heightened notice to the creditor that, at a minimum, advises of the extraordinary provision to be given preclusive effect in a confirmation order.

For example, *Davis*'s plan definitively stated the creditor was secured by an unperfected mortgage which would be avoided upon plan completion.[18] Likewise, *Andersen* specifically stated in her plan that confirmation would constitute a factual finding of undue hardship. *Bilal* stated confirmation would constitute a finding that the loan transaction was rescinded under TILA and the mortgage void and unenforceable. The *Davis, Andersen,* and *Bilal* plans left no room for the creditor to believe that its claim would be determined at a later date. In contrast,

---

[15] *Andersen*, 179 F.3d at 1256-57.
[16] *In re Poland,* 382 F.3d 1185, 1189 n.2 (10th Cir. 2004).
[17] *Id.* at 1188; *In re Davis*, 2006 WL 1734250; *In re Bilal*, 296 B.R. at 828. Another example is requiring debtors to give heightened notice by filing a motion before seeking to strip down a second mortgage lien. *In re Woodling*, 2004 Bankr. LEXIS 1751; *In re Fowle*, 2006 Bankr. LEXIS 771, at *9.
[18] *In re Davis*, 2006 WL 1734250, at *1.

- 7 -

*Poland* involved plan language which did not specifically include a finding of undue hardship. Absent language conclusively resolving the very question at issue, the confirmation order is not a final judgment on the merits of the unlitigated issue.[19]

To achieve *res judicata*, Debtor had to include definite findings of fact and conclusions as to Novastar's treatment. In this case, Debtor's plan did not avoid or otherwise extinguish Novastar's lien. In fact, the plan acknowledged Novastar held the Debtor's home mortgage and would be paid outside the plan with the exception of estimated arrearage to be paid through the plan. The plan then stated, "If [Novastar] cannot provide proof of lien perfection, this debt should be treated as an unsecured debt and paid according to the terms of this plan." Normally, as a lienholder, Novastar would not be required to file a proof of claim to retain its lien. However, Novastar's lien is vulnerable because it is unperfected. Debtor's plan specifically called out Novastar to file a proof of claim and provide proof of lien perfection.[20] The plan's language relating to proof of perfection and treatment of Novastar's claim is prospective, not determinative. The plan states, "[Novastar] should be required to provide proof of lien perfection along with its proof of claim. If [Novastar] cannot provide proof of lien perfection the debt should be treated as an unsecured debt and paid according to the terms of this plan." The plan contains no conclusive finding of fact or determination of the validity of Novastar's lien. At best, the plan requires Novastar to file a proof of claim to initiate a process for resolving the perfection issue and the ultimate treatment of Novastar's claim. The Court's Order Confirming

---

[19] *In re Poland,* 382 F.3d at 1188-89; *see also Cen-Pen Corp. v. Hanson*, 58 F.3d at 93; *In re Johnson*, 279 B.R. 218, 226 (Bankr. M.D. Tenn. 2002); *Matter of Beard*, 112 B.R. 951, 954 (Bankr. N.D. Ind. 1990).

[20] Debtor's own due diligence would have discovered the mortgage was unrecorded, which, as in *Davis*, would have provided a factual finding to be given preclusive effect. However, as the *Davis* dissent observed, *Davis*'s factual finding was false, which raises another criticism of *Andersen* and *res judicata* by ambush.

- 8 -

06.12.12a Ramsey Settle Order.wpd

Chapter 13 Plan does not avoid Novastar's lien, nor does it prescribe any definite treatment for Novastar's claim. At best, Debtor's plan flagged the issue for future determination, which is where the parties are now.

**Novastar's Failure to Defend Claim No. 10**

More problematic than its failure to object to the plan is Novastar's failure to appear at its claim objection hearing.[21] Since perfected liens may pass through bankruptcy, a secured creditor may ignore the proof of claim process altogether and look solely to its lien for satisfaction of the debt.[22] Therefore, a secured creditor's failure to file a proof of claim does not invalidate or extinguish a lien although it may disallow the creditor's claim, *i.e.*, the creditor's ability to receive any payments through the plan.[23] Likewise, where, as here, a secured creditor files an untimely claim which is disallowed, the lien is not extinguished because failure to file a timely claim, alone, is not grounds for extinguishing a lien.[24]

However, once a creditor files a secured claim, the claim is subject to objection as to the validity, priority, or extent of the lien.[25] A claim objection based upon the validity, priority, or extent of a lien initiates an adversary proceeding and requires service of the objection in the manner provided for a summons and complaint.[26] A claim objection based upon complete repayment of the loan or the loan having never been made, if successful, would result in a disallowed claim and the loss of the corresponding lien.[27] On the other hand, an objection based

---

[21] Novastar fails to address this omission.
[22] 11 U.S.C. § 506(d)(2); *Matter of Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984).
[23] *Id.*
[24] *Id.* at 466.
[25] *Matter of Penrod,* 50 F.3d at 462.
[26] FED. R. BANKR. P. 3007, 7001, and 7004.
[27] 11 U.S.C. § 506(d); *Matter of Tarnow*, 749 F.2d at 465-66; *Matter of Penrod,* 50 F.3d at 462.

- 9 -

06.12.12a Ramsey Settle Order.wpd

Case 05-06154   Doc# 17   Filed 12/13/06   Page 9 of 15

upon failure to perfect does not extinguish the lien; rather, the trustee's relief is to avoid and preserve the lien for the benefit of the estate.[28] The lien remains enforceable against the debtor. Upon avoidance by the trustee, the lienholder merely changes from the unperfected creditor to the trustee.

In this case, even though Debtor attacked perfection in its claim objection, the issue of the lien was never actually litigated. Therefore, the Debtor may not invoke collateral estoppel as to the existence of the lien.[29] Further, the claim objection did not seek the relief of avoiding and preserving the lien for the benefit of the estate. The claim objection requested the claim be disallowed or classified as unsecured. Novastar lost its claim by failing to appear. The Order denying Claim No. 10 is basically a default judgment as to the claim, but the Order does not address the lien. The lien in this case was not the subject of a bona fide dispute as to its existence. Debtor does not deny she executed the mortgage. Debtor never contested the claim on the ground that the loan was not made or that the mortgage had been satisfied. Debtor's objection was based on Novastar's failure to record the mortgage prior to her bankruptcy filing. As between the Debtor and Novastar, the lien is valid and exists.[30] Thus, Novastar's lien survived the claim objection attack, albeit as unperfected.

**Standard in Approving Settlements**

Having determined Novastar's lien has not been previously avoided and preserved for the benefit of the estate, the Court turns to the substance of the Motion to Approve Settlement and

---

[28] 11 U.S.C. §551; *In re Gilliam,* 2004 Bankr. LEXIS 1653, at *29 (Bankr. D. Kan. Oct. 28, 2004).
[29] *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979) (default judgment does not give rise to collateral estoppel because an essential element of issue preclusion is that the issue be "actually litigated" in the earlier litigation).
[30] K.S.A. §58-2223 (an unrecorded mortgage is not valid except between the parties thereto).

- 10 -

06.12.12a Ramsey Settle Order.wpd

Case 05-06154    Doc# 17    Filed 12/13/06    Page 10 of 15

Compromise. Whether to approve a proposed settlement is a matter within the Court's discretion.[31] In determining whether a settlement is fair and equitable and in the best interest of the estate, the Court considers (1) the probable success of the litigation on the merits; (2) any potential difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interest of creditors in deference to their reasonable views.[32] Ultimately, the Court must weigh the value of the settlement against the value of the litigation.[33] However, the Court need not resolve all issues, but only identify them so that the reasonableness of the settlement may be evaluated.[34] The Court should also consider the extent to which the settlement is truly the product of arms-length bargaining.[35] The burden of persuasion rests with the party proposing the settlement.[36]

### Additional Standards When Proposed Settlement Disposes of an Estate Asset

In addition, when the settlement amounts to a cause of action being sold to the present defendant or, as in this case, the sale of the Trustee's avoided lien rights, the Court must independently evaluate the proposal as a sale of an estate asset.[37] Such compromise of a claim disposing of an estate asset implicates both the sale provisions under 11 U.S.C. § 363 and Rule 6004 and the compromise provisions of Rule 9019(a).[38] However, under Chapter 13, unlike

---

[31] *Reiss v. Hagmann,* 881 F.2d 890, 891-92 (10th Cir. 1989).
[32] *In re Western Pacific Airlines, Inc.,* 219 B.R. 575, 579 (D. Colo. 1998).
[33] *Id.,* citing *In re The Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986).
[34] *Id.*
[35] *In re Bugaighis*, 2004 WL 3190352, at *5 (Bankr. D. Colo. Nov. 5, 2004) (citing *Conn. Gen. Life Ins. Co. v. United Companies Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 918 (5th Cir. 1995)).
[36] *In re The Hermitage Inn, Inc.,* 66 B.R. at 72.
[37] *In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 421 (B.A.P. 9th Cir. 2003), citing *Myers v. Martin (In re Martin),* 91 F.3d 389, 394-95 (3rd Cir. 1996) (When confronted with a motion to approve a settlement, the Court may consider whether the property of the estate being disposed of in the settlement might draw a higher price through a competitive process and be the proper subject of a §363 sale.).
[38] *Id.* at 422, adding "whether to impose formal sale procedures is ultimately a matter of discretion that depends upon the dynamics of the particular situation."

Chapter 7 and Chapter 11, a Chapter 13 Trustee has no power to sell property of the estate under § 363(b).[39]

**Effect of Preserving a Lien for the Benefit of the Estate under Chapter 13**

Even so, the Chapter 13 Trustee is empowered to exercise Chapter 5 avoiding powers and preserve avoided liens for the benefit of the estate.[40] Upon avoidance of a lien under §544, the Trustee steps into the shoes of the defendant lienholder.[41] The value of the avoided lien is automatically preserved for the benefit of the estate.[42] However, Chapter 13 does not authorize the Trustee to liquidate property.[43] Thus, the Chapter 13 Trustee may not recover the value of the lien by selling it. Instead, the Chapter 13 Trustee's avoidance of an unperfected lien, specifically under §544, benefits the estate by either one of two ways allowed under the Code. First, avoidance of the lien nullifies the security transaction.[44] Accordingly, the portion of the debtor's income (or allocation in the plan) to pay the secured claim is no longer required to be paid to the defendant creditor. The resulting increase in disposable income available to pay creditors holding allowed claims under the Chapter 13 plan is a benefit to the estate.[45] The second way the Chapter 13 Trustee may realize the benefit of an avoided lien for the estate is triggered by the debtor's desire to retain the property. Under the "best interests of creditors" test, the Code assures that unsecured creditors will receive at least as much as they would receive

---

[39] 11 U.S.C. §1303 ("Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b). . . ."); *In re Richardson*, 283 B.R. 783, 800 (Bankr. D. Kan. 2002) (Chapter 13 trustee not authorized to collect, liquidate, or distribute property like a Chapter 7 trustee).
[40] *In re Hansen*, 332 B.R. 8 (B.A.P. 10th Cir. 2005); 11 U.S.C §551.
[41] *In re Gilliam,* 2004 Bankr. LEXIS 1653, at *29.
[42] 11 U.S.C. §551; *McRoberts v. Transouth Financial (In re Bell),* 194 B.R. 192, 197 (Bankr. S.D. Ill. 1996).
[43] 11 U.S.C. § 1303; *In re Richardson*, 283 B.R. at 792.
[44] *In re Coleman*, 426 F.3d 719, 726-27 (4th Cir. 2005).
[45] *McRoberts (In re Bell),* 194 B.R. at 197.

06.12.12a Ramsey Settle Order.wpd

if the case were liquidated under Chapter 7.[46] Thus, if a Chapter 13 debtor elects to retain property subject to an avoided and preserved lien now held by the Trustee, the debtor must pay into the plan the value of the lien.[47] If the debtor is unable to pay into the plan the value of the lien which the creditors would receive under Chapter 7, then the debtor will be unable to complete a Chapter 13 plan.

The optimal value of an avoided lien is the value of the collateral capped by either (1) the amount of the debt on the petition date or (2) the amount necessary to pay unsecured creditors in full, regardless the fair market value of the lien. In other words, the Chapter 13 Trustee does not need to recover more than the amount which pays the administrative costs and allowed claims in full under the debtor's plan. The value of the lien may be realized by either an increase in plan payments to reflect the increase in disposable income, or, if a Chapter 13 debtor desires to keep the property subject to the avoided lien, the debtor must "purchase" the property by paying into the plan an amount of money equal to the value as of the effective date of the plan not to exceed the amount which pays the allowed claims under the debtor's plan in full.[48]

**Analysis**

The proposed settlement can not be confirmed under the best-interest-of-the-estate test. The probable success of the litigation on the merits is 100%. Novastar admits its lien is unperfected and avoidable under 11 U.S.C. §544.[49] The Trustee faces no difficulty in collecting the judgment because the avoided lien is automatically preserved for the benefit of the estate

---

[46] 11 U.S.C. §1325(a)(4).
[47] *McRoberts (In re Bell),* 194 B.R. at 198; *see also In re Hearn*, 337 B.R. 603, 615-16 (Bankr. E.D. Mich. 2006).
[48] *McRoberts (In re Bell),* 194 B.R. at 198; *see also In re Gilliam,* 2004 Bankr. LEXIS 1653, at *29.
[49] Motion to Approve Settlement and Compromise (Doc. No. 5), page 2, paragraph 10.

- 13 -

06.12.12a Ramsey Settle Order.wpd

Case 05-06154 Doc# 17 Filed 12/13/06 Page 13 of 15

under 11 U.S.C. §551.  The litigation is not complex or expensive and could be summarily concluded.  Lastly, the interest of creditors in this case is comprised of creditors *holding allowed claims.*  Novastar does not have an allowed claim.  More specifically, Novastar has a previously adjudicated disallowed claim.  Novastar's interests are not part of the allowed claims pool warranting consideration under the best-interest-of-the-estate test.[50]  Thus, all factors weigh against approval of the proposed settlement.

Additionally, the proposed settlement cannot be approved because the Trustee has no authority to sell his rights in Novastar's avoided and preserved mortgage lien for $4,000 or any other amount. The Trustee also cannot partially avoid the lien to the limited extent of paying the claims and administrative expenses of the estate.[51]  The available means of realizing the value of the lien involve rights unique to the Chapter 13 debtor; accordingly, the Debtor has standing to object to the Trustee's proposed settlement with Novastar.  The avoided lien may not be sold without the Debtor's consent because it is property of the estate.  The Chapter 13 debtor has exclusive power to sell property of the estate under 11 U.S.C. §1303.  Thus, only the Debtor may cash-out the value of the lien from the estate.  If the Debtor cannot pay the lien's value up to an amount to pay unsecured creditors as much as they would have realized under Chapter 7, the remedy is either (1) conversion (at which point the Chapter 7 liquidating Trustee may sell the

---

[50] Novastar suggests it will have an unsecured claim in the amount of $150,869.93 upon avoidance of its lien, presumably relying on 11 U.S.C. §502(h) and Bankruptcy Rule 3002(c)(3) (dealing with filing and allowance of unsecured claims resulting from avoidance actions).  However, the Court questions whether 11 U.S.C. §502(h) or Rule 3002(c)(3) resurrects a <u>disallowed</u> claim.  *In re Toronto*, 165 B.R. 746, 752 n.4 (Bankr. D. Conn. 1994) (quoting Advisory Committee Note (1983), "Although the claim of a secured creditor may have arisen before the petition, a judgment avoiding the security interest may not have been entered until after the time for filing claims has expired.  Under Rule 3002(c)(3) the creditor *who did not file a secured claim* may nevertheless file an unsecured claim within the time prescribed." (Emphasis added)).  *Res judicata* may be applicable, but this issue is not briefed and is not before the Court.

[51] *In re Coleman*, 426 F.3d at 724.

- 14 -

06.12.12a Ramsey Settle Order.wpd

Case 05-06154    Doc# 17    Filed 12/13/06    Page 14 of 15

lien for the highest offer); or (2) dismissal (at which point the unperfected lien will revert back to Novastar).

### Debtor's Motion to Grant Modified Equitable Mortgage Is Beyond the Equitable Powers of this Court

The Debtor's Motion to Grant Modified Equitable Mortgage is nothing more than an attempt to force a settlement over Novastar's objection. If the parties cannot reach a mutually agreeable resolution, the Court adjudicates the parties' present rights. The Court does not create new rights under these circumstances.

### Conclusion

For the foregoing reasons, the Chapter 13 Trustee's and Defendant Novastar Home Mortgage, Inc.'s joint Motion to Approve Settlement and Compromise (Doc. No. 5) is DENIED. Debtor's Motion to Grant Modified Equitable Mortgage is DENIED.

IT IS SO ORDERED.

# # #


ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

- 15 -

06.12.12a Ramsey Settle Order.wpd

Case 05-06154   Doc# 17   Filed 12/13/06   Page 15 of 15